1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH E. BERRY

              Plaintiff,

              v.

CITY OF TACOMA AND PIERCE COUNTY,

              Defendants.

Case No.  C10-5711RJB/JRC

REPORT AND RECOMMENDATION

**NOTED FOR**:
May 6, 2011

      This 42 U.S.C. § 1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.  Before the court is plaintiff's motion for summary judgment (ECF No. 27).

      Plaintiff was arrested and held in the Pierce County Jail for 16 months.  The charges against him were ultimately dismissed without prejudice.  Plaintiff brings this action claiming a violation of his Fourth and Fourteenth Amendment equal protection rights for his arrest and for

REPORT AND RECOMMENDATION- 1

being held.  Defendants have responded and provide documents showing that Mr. Berry was arrested on suspicion of second degree rape and assault and held for 16 months.  The Superior Court made an independent assessment of the evidence and determined probable cause to arrest Mr. Berry existed.  Thus, his arrest was based on a bench warrant issued by a court.  At the time the warrant was issued, Mr. Berry was already in custody in a different county jail on an unrelated matter. He was released to Pierce County.  Ultimately the charges against him were dismissed without prejudice because the victims had vanished and the state could not prosecute the case (ECF No. 28 and 29).

The court recommends the motion for summary judgment be denied because plaintiff fails to show either the city or county has violated any right or duty owed to plaintiff (ECF No. 27).  While they also argue lack of municipal liability, the court need not reach that issue in this motion.

## FACTS

Plaintiff brings this action claiming a violation of his rights to equal protection and as a Fourth Amendment violation of his right to be free from unreasonable search and seizure (ECF No. 27, page 1).  He claims he was held for a crime committed by another person years earlier. However, defendants have made a showing that this is factually disputed. (ECF No. 27, 28 and 29).

On October 24, 2008, a bench warrant for his arrest was issued by the Pierce County Superior Court.  The Superior Court had before it the declaration of deputy prosecuting attorney Lori Kooiman.

The following facts are taken from Ms. Kooiman's declaration. She states that on April 14, 2008, Tacoma Police Officer Malone contacted a person V.M-B. who claimed she had been

REPORT AND RECOMMENDATION- 2

sexually assaulted by Mr. Berry whom she knew.  At the time of contact, the officer observed V.M-B. to be visibly shaking with red marks on her forehead and dried blood on her nostrils.  As time passed, the red marks began to swell.  V.M-B. had a swollen lip and she complained of pain.  She stated that after visiting friends while walking she noticed a blue car she recognized as belonging to Keith Berry whom she knew as "Tony".  He offered her a ride to the Emerald Queen Casino; after she got in the car, he drove in a different direction and parked the car.  He then struck her in the face and mouth and demanded that she perform a sex act.  She resisted and attempted to flee.  She alleged Mr. Berry struck her in the face several times.  She identified the car as a "Taurus" type with license plate 958-TOO.  The vehicle matched a car driven by Mr. Berry in an unrelated incident regarding an alleged violation of a court order.  Further, the victim left her purse in the car and was able to identify its contents.  When detectives contacted the owner of the vehicle, they were informed that Mr. Berry had been in possession of the vehicle since his release from jail in September and refused to return it to its owner.  V.M-B. was shown a photo montage four days later and within 10 seconds she identified Mr. Berry as the person who attempted to rape her.

     The declaration also set forth a second incident from 2004 that is still under investigation.  In February of 2005, officers interviewed B.W. regarding this second incident.  B.W. reported to the officers that she had gotten into a white Cadillac on November 27, 2004.  The driver threatened her if she would not perform a sex act with him.  The driver then stabbed her in the left side of her neck.  She claimed to have bled profusely and when she played dead she was pushed from the car.  She was able to give a description of her attacker that matches Mr. Berry and she gave a license plate number of 577 BSF.  A search returned no match for that plate number.  Officers then asked for all Cadillacs starting with 577.  A car driven by Mr. Berry, a

REPORT AND RECOMMENDATION- 3

1986 Cadillac Deville with plate number 577NSJ came up on that search. The vehicle was located and seized. Pursuant to a warrant, police searched the vehicle. DNA matching the victim's profile was found in the car (ECF No. 29, Exhibit 3).

## STANDARD OF REVIEW

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). There is a genuine issue of fact for trial if the record, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also T. W. Elec. Service Inc. v. Pacific Electrical Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987); Fed. R. Civ. P. 56(e)(2). The moving party is entitled to judgment as a matter of law if the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1985); Anderson, 477 U.S. at 254 ("the judge must view the evidence presented through the prism of the substantive evidentiary burden"). When presented with a motion for summary judgment, the court shall review the pleadings and evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255 (*citing* Adickes v. S.H. Dress & Co., 398 U.S. 144, 158-59 (1970)). Conclusory, nonspecific statements in affidavits are not sufficient; and, the court will not presume "missing facts". Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

The defendants contest Mr. Berry's assertions that they lacked probable cause to arrest him and that he was treated differently because of his race. Even though the charges he faced

REPORT AND RECOMMENDATION- 4

were ultimately dismissed because the victims were no longer available to testify, this does not necessarily mean that his arrest and confinement violated his constitutional rights. He has not been acquitted of the crimes in question. The authorities were simply unable to obtain a conviction for an arrest that was supported by probable cause.

Defendants' motion to dismiss states "the State is unable to proceed to trial without the two victims. The State has been attempting to locate the victims since October of 2009" (ECF No. 29, Exhibit 7). Defendants contest plaintiff's claims that they lacked probable cause to arrest him or improperly held him. This contention is supported by affidavits. Given this difference of opinion regarding the material facts, Mr. Berry's summary judgment motion fails. Accordingly, the court recommends that Mr. Berry's motion for summary judgment be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. Rule 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of de novo review by the District Court. See 28 U.S.C. 636 (b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 6, 2011, as noted in the caption.

Dated this 12th day of April, 2011.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 5