UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH E. BERRY

    Plaintiff,

v.

CITY OF TACOMA AND PIERCE COUNTY,

    Defendants.

Case No. C10-5711RJB/JRC

REPORT AND RECOMMENDATION

**NOTED FOR**: July 15, 2011

This 42 U.S.C. § 1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Defendant's move for summary judgment (ECF No. 36). After review of the file, the court recommends the defendant's motion be granted and this action dismissed with prejudice.

Because plaintiff's assigned counsel does not act under color of state law and does not work for either named defendant, her actions did not impart liability on any named defendant. Further, plaintiff fails to show that any policy or custom of the named defendants -- the City of

REPORT AND RECOMMENDATION- 1

Tacoma, or Pierce County -- is at issue. Therefore, plaintiff fails to show any basis for liability against these defendants.

The named defendants in this action are the City of Tacoma and Pierce County. The court recommends that defendant's motion for summary judgment be GRANTED.

## FACTS

Plaintiff was arrested and held in the Pierce County Jail for 16 months. The prosecutor's office ultimately dismissed the charges against him without prejudice when the witnesses against him could not be found. Plaintiff brings this action claiming a violation of his Fourth and Fourteenth Amendment rights for his arrest and for his being held. Defendants have responded and provide documents showing that Mr. Berry was arrested on suspicion of second degree rape and assault and held for 16 months. The Superior Court made an independent assessment of the evidence and determined there was probable cause to arrest Mr. Berry. Thus, his arrest was based on a bench warrant issued by a court. At the time the warrant was issued, Mr. Berry was already in custody in a different county jail on an unrelated matter. He was released to Pierce County. Ultimately the charges against him were dismissed without prejudice because the victims had vanished and the state could not prosecute the case (ECF No. 28 and 29).

Plaintiff brings this action claiming a violation of his rights to equal protection and as a Fourth Amendment violation of his right to be free from unreasonable search and seizure (ECF No. 27, page 1). He claims that he was held for a crime committed by another person years earlier. However, defendants show that a Superior Court reviewed the facts and found probable cause to arrest. (ECF No. 37, Exhibit 1).

REPORT AND RECOMMENDATION- 2

On October 24, 2008, The Pierce County Superior Court issued a bench warrant for his arrest. The Superior Court had before it the declaration of deputy prosecuting attorney Lori Kooiman (ECF No. 29, Exhibit 3, see also ECF No. 37, Exhibit 3).

The following facts are taken from Ms. Kooiman's declaration. She states that on April 14, 2008, Tacoma Police Officer Malone contacted a person V.M-B. She claimed she had been sexually assaulted by Mr. Berry whom she knew. The officer observed V.M-B. to be visibly shaking with red marks on her forehead and dried blood on her nostrils when he contacted her. As time passed, the red marks began to swell. V.M.-B had a swollen lip and she complained of pain. She stated that after visiting friends while walking she noticed a blue car she recognized as belonging to Keith Berry whom she knew as "Tony". He offered her a ride to the Emerald Queen Casino. After she got in the car, he drove in a different direction and parked the car. He then allegedly struck her in the face and mouth and demanded that she perform a sex act. She resisted and attempted to flee. She identified the car as a "Taurus" type with license plate 958-TOO. The vehicle matched a car driven by Mr. Berry in an unrelated incident regarding an alleged violation of a court order. Further, the victim left her purse in the car and was able to identify its contents. When detectives contacted the owner of the vehicle, they were informed that Mr. Berry had been in possession of the vehicle since his release from jail in September 2008 and refused to return it to its owner. V.M-B. was shown a photo montage four days later and within 10 seconds she identified Mr. Berry as the person who attempted to rape her.

The declaration also set forth a second incident from 2004 that is still under investigation. In February of 2005, officers interviewed B.W. regarding this second incident. B.W. reported to the officers that she had gotten into a white Cadillac on November 27, 2004. The driver threatened her if she would not perform a sex act with him. The driver then stabbed her in the left

REPORT AND RECOMMENDATION- 3

side of her neck. She claimed to have bled profusely and when she played dead she was pushed from the car. She was able to give a description of her attacker that matches Mr. Berry and she gave a license plate number of 577 BSF. A search returned no match for that plate number. Officers then sought information for all Cadillacs starting with 577. A car driven by Mr. Berry -- a 1986 Cadillac Deville with plate number 577NSJ -- came up on that search. Police located the vehicle and, pursuant to a warrant, searched it. The police found DNA matching the victim's profile in the car (ECF No. 29, Exhibit 3).

Mr. Berry argues that the detectives and prosecutor knew V.M.B. was lying and that the Cadillac was not his, but, he provides no admissible evidence to support any of the statements he makes in opposition to the motion for summary judgment (ECF No. 40). He does not contest that V.M.B. identified him as assaulting her. He does not contest that when she was contacted by police she exhibited physical signs that she had been attacked. The state had not alleged that the Cadillac belonged to Mr. Berry, only that he drove it. Mr. Berry has not come forward with any evidence showing any policy or custom of the City or County violated his rights.

Throughout the original proceeding, petitioner was represented by counsel appointed through the Department of Assigned Counsel. He is now claiming that counsel failed to represent him adequately.

## STANDARD OF REVIEW

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). There is a genuine issue of fact for trial if the record, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

REPORT AND RECOMMENDATION- 4

(1986); see also T. W. Elec. Service Inc. v. Pacific Electrical Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987); Fed. R. Civ. P. 56(e)(2). The moving party is entitled to judgment as a matter of law if the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1985); Anderson, 477 U.S. at 254 ("the judge must view the evidence presented through the prism of the substantive evidentiary burden"). When presented with a motion for summary judgment, the court shall review the pleadings and evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255 (*citing* Adickes v. S.H. Dress & Co., 398 U.S. 144, 158-59 (1970)). Conclusory, nonspecific statements in affidavits are not sufficient; and, the court will not presume "missing facts". Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

A.   Actions of Mr. Berry's defense counsel.

Mr. Berry argues that his Fourteenth Amendment rights were violated when defense counsel allegedly refused to speak on his behalf regarding motions he had filed. He also alleges that she violated his rights when she requested continuances, informing the court that her client did not agree to the continuance. (ECF No. 40). Mr. Berry mistakenly believes counsel represents the City of Tacoma (ECF No. 40).

In order to state a claim pursuant to 42 U.S.C. § 1983, a complaint must allege that: (l) the conduct complained of was committed by a person acting under color of state law; and  (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds,* Daniels v. Williams, 474 U.S. 327 (1986).

REPORT AND RECOMMENDATION- 5

A defense attorney -- even if they are assigned counsel -- does not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 317-18 (1981). Neither the City of Tacoma, nor Pierce County are liable for the alleged actions of defense counsel. Plaintiff's Fourteenth Amendment claim against these two defendants is frivolous.

B. Municipal liability.

In order to state a claim against a county or city under the Civil Rights Act, 42 U.S.C. § 1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct. See Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978); Larez v. City of Los Angeles, 946 F.2d 630, 646-47 (9th Cir. 1991).

To establish municipal liability under § 1983, a plaintiff must show (1) deprivation of a constitutional right; (2) that the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. See Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992). The Supreme Court has emphasized that the unconstitutional acts of a government agent cannot, standing alone, lead to municipal liability; there is no *respondeat superior* liability under § 1983. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 692 (1978). A municipality may only be liable if its policies are the "'moving force [behind] the constitutional violation.'" City of Canton v. Harris, 489 U.S. 378, 389 (1989), (*quoting* Monell at 694).

A municipality will not be liable for acts of negligence by employees of the jail or for an unconstitutional act by a non policy-making employee. Davis v. City of Ellensburg, 869 F.2d 1230, 1234-35 (9th Cir. 1989). Evidence of mistakes by adequately trained personnel or the

REPORT AND RECOMMENDATION- 6

occurrence of a single incident of unconstitutional action by a non-policy-making employee is not sufficient to show the existence of an unconstitutional custom or policy. Thompson v. City of Los Angeles, 885 F.2d 1439, 1444 (9th Cir. 1989).

Mr. Berry does not allege any policy of the City of Tacoma or Pierce County is at issue. He alleges certain employees of the city or county may have lied in providing information to the court, but his unsupported allegations do not touch on any policy. The defendants are entitled to summary judgment.

  C.  Equal Protection.

An equal protection claim under the Civil Rights Act, 42 U.S.C. § 1983, requires, as a necessary element, that defendants acted with the intent to discriminate. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). To sustain an equal protection claim under 42 U.S.C. § 1983, "one must show intentional or purposeful discrimination." Grader v. Lynnwood, 53 Wn. App. 431, 437, 767 P.2d 952 (1989). See Draper v. Rhay, 315 F.2d 193, 198 (9th Cir. 1963) (inmate failed to show § 1983 violation in absence of "intentional or purposeful discrimination"). This "discriminatory purpose must be clearly shown since a purpose cannot be presumed." Grader, 53 Wn. App. at 437. Mere evidence of disparate impact on minorities is insufficient. Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 256 (1977); Washington v. Davis, 426 U.S. 229, 239-40 (1976).

The equal protection clause does not require conditions, practices, and rules at county and state correctional facilities to be identical. Cooper v. Elrod, 622 F. Supp. 373 (N.D. Ill. 1985). The United States Supreme Court has observed that "showing that different persons are treated differently is not enough without more, to show a denial of Equal Protection." Griffin v. County Sch. Bd. of Prince Edward County, 377 U.S. 218, 230 (1964). In addition, plaintiff must

REPORT AND RECOMMENDATION- 7

demonstrate that he was "treated differently [. . .] because he belonged to a protected class." Seltzer-Bey v. Delo, 66 F.3d 961, 964 (8th Cir. 1995), *(citing* Divers v. Department of Corr., 921 F.2d 191, 193 (8th Cir. 1990)).

Plaintiff has failed to come forward with any evidence of purposeful racial discrimination. The admissible evidence shows there was probable cause to suspect him of two separate felonies and he was arrested and charged. The charges were ultimately dismissed because of lack of victim cooperation. The City of Tacoma and Pierce County are entitled to summary judgment on this action.

Given this recommendation, the court does not believe plaintiff should be granted in forma pauperis status on appeal. The court recommends revocation of in forma pauperis status.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. Rule 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of de novo review by the District Court. See 28 U.S.C. 636 (b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on July 15, 2011, as noted in the caption.

Dated this 20th day of June, 2011.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 8